```
            IN THE UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF ARKANSAS
                    PINE BLUFF DIVISION
```

JAMES S. McCLELLAN                                        PETITIONER

vs.                Civil Case No. 5:06CV00329 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                         RESPONDENT

ORDER

Respondent, in his brief, assumes the Arkansas Supreme Court is the "court of last resort," under Riddle v. Kemna, 2008 WL 927618 (8th Cir. April 8, 2008), because Arkansas, like Missouri, has a provision for discretionary review of Court of Appeals decisions in the Arkansas Supreme Court. This was not the only criterion discussed by the Riddle court, however.

> Identifying the state court of last resort requires an examination of the particular state court procedures. See Costarelli v. Massachusetts, 421 U.S. 193, 195-97, 198-99, 95 S.Ct. 1534, 44 L.Ed.2d 76 (1975); Pugh v. Smith, 465 F.3d 1295, 1299-1300 (11th Cir.2006). The Missouri Constitution says that the supreme court is "the highest court in the state," whose jurisdiction is "coextensive with the state." Mo. Const. art. V, § 2. The supreme court has "general superintending control over all courts and tribunals." Id. § 4.1. "Supervisory authority over all courts is vested in the supreme court". Id. It has the duty to make rules governing "practice, procedure and pleading for all courts and administrative tribunals," and the power to assign any judge to any court. Id. §§ 5, 6.
>
> The Missouri Supreme Court also has constitutional power to set rules for "transfer"-how cases in the court of appeals are transferred to the supreme court. Id. § 10. The supreme court, by rule, requires that an application to transfer first be filed in the court of appeals,

>before it may later be filed in the supreme court (the Missouri Constitution does not have this requirement). Compare id. with Mo. Sup.Ct. R. 83.04. The supreme court has added grounds for transfer-which only it can exercise-that are not listed in the Constitution (conflict between appellate decisions, and "equalizing the workload of the appellate courts"), in addition to its exclusive constitutional power to transfer court-of-appeals cases pre-opinion. Mo. Const. art. V, § 10; Mo. Sup.Ct. R. 83.04, 83.01. The Missouri Constitution concludes in describing transfer: "The supreme court may finally determine all causes coming to it from the court of appeals, whether by certification, transfer or certiorari, the same as on original appeal." Mo. Const. art. V, § 10; Mo. Sup.Ct. R. 83.09.

Riddle v. Kemna, 2008 WL 927618, 2 (8th Cir. April 8, 2008).

Respondent is requested to brief this issue within twenty (20) days with a more thorough discussion of the procedures in Arkansas, and to include the question of whether Collier v. Norris, 402 F.Supp.2d 1026 (E.D.Ark. December 9, 2005), is still good law in this district, in light of Riddle.

SO ORDERED this 1st day of May, 2008.

_____
United States Magistrate Judge

2