IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JAMES S. McCLELLAN                                              PETITIONER

vs.                  Civil Case No. 5:06CV000329 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

James S. McClellan, an inmate of the Arkansas Department of Corrections, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Following a bench trial on April 22, 2002, the trial judge convicted Petitioner of rape and sentenced him to fifteen years imprisonment (Respondent's Exhibit A). The Arkansas Court of Appeals affirmed the conviction. McClellan v. State, 81 Ark. App. 361 (2003)(Respondent's Exhibits 2A, 2B & C). Petitioner filed a motion for post-conviction relief under Rule 37 of the Arkansas

Rules of Criminal Procedure (Respondent's Exhibit D) and, after a hearing, the trial court denied relief (Respondent's Exhibit E). Petitioner appealed, raising the following claims:

    1. The trial judge was biased in that he slept during the trial and he "fixed" a traffic ticket for a prosecution witness (Respondent's Exhibit F, p. 11);

    2. The trial court violated Arkansas Rule of Evidence 803(6) when it admitted the victim's medical records into evidence at trial, because the source of the information was the victim and she was untrustworthy, and the records were prepared for the purpose of providing evidence in a criminal proceeding (Respondent's Exhibit F, pp. 12-15);

    3. He was denied effective assistance of counsel at trial in that counsel failed to

        A. file a motion to suppress his taped statement;

        B. interview prosecution witnesses and fully discuss the proceedings with Petitioner;

        C. call key defense witnesses and

        D. attack the inconsistent testimony, or perjury, of the victim.

Respondent's Exhibit F. The Arkansas Supreme Court affirmed, McClellan v. State, 2006 WL 246550 (Ark. Sup. Ct. Feb. 2, 2006), (Respondent's Exhibit G).

    In the present proceeding, Petitioner raises the following grounds for relief:

    1. The victim and her boyfriend, Petitioner's attorney, the presiding judge, the prosecutor, Pulaski County sheriffs deputies and an investigator, the Arkansas State Crime Lab and the entire Pulaski County Sheriff's department conspired to convict Petitioner of rape;

2. Petitioner is actually innocent of the charge because the alleged crime never occurred;

3. He was convicted with contradictory and untrue testimony by the victim, Deputy Jason Stephens, Bob Harris and Nurse Tina Miles;

4. He was denied the effective assistance of counsel in that counsel failed to

   A. challenge all of the inconsistencies in witnesses' testimony;

   B. investigate, interview and call as witnesses Tracey Gooden and Bill Stuckey;

   C. argue that Petitioner was a victim of a conspiracy by the victim to frame him; and

   D. insist on receiving the results of forensic tests and to require that evidence against Petitioner be entered into evidence at trial or examined during the trial.

5. He was denied due process because of judicial bias;

6. He was denied due process because of prosecutorial misconduct in that the prosecutor withheld evidence and led the prosecution witnesses during their testimony at trial;

7. He was denied due process because the trial judge failed to recognize the significance of the absence of DNA evidence and physical evidence;

8. He was denied due process because of judicial misconduct during his Rule 37 proceedings.

For purposes of this Response only, Respondent admits Petitioner is in his custody pursuant to his conviction, and he has no non-futile state remedies available to him. He contends, however, the petition should be dismissed because it is untimely,

and most of the claims raised are either without merit or procedurally barred.

## I.

Section 2244(d)(1) establishes a one-year limitations period for filing federal habeas corpus petitions under 28 U.S.C. § 2254. The relevant triggering date in the present case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In Smith v. Bowersox, 159 F.3d 345, 347-48 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999), the Eighth Circuit Court of Appeals held that direct review of a state criminal conviction included review by the United States Supreme Court, "and the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Petitioner Smith had appealed his conviction to the Missouri Supreme Court.

In Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999)(en banc), the court applied Smith to a petitioner who had appealed his

conviction only to the Missouri Court of Appeals. Without discussing the distinction, the court extended the date Nichols' conviction became final by the ninety days allowed for seeking certiorari under U.S.Sup.Ct.R. 13.1.

In a later case, Riddle v. Kemna, 523 F.3d 850, 854-55 (8th Cir. 2008), the court determined that, under Rule 13.1, the "Supreme Court can review only judgments of a 'state court of last resort,' or of a lower state court if the 'state court of last resort' has denied discretionary review." After examining Missouri procedures, it concluded the Missouri Supreme Court is the court of last resort in Missouri, and that "[w]ithout a denial of discretionary review by" that court, "a Missouri lower court decision cannot be directly reviewed by the United States Supreme Court because 'no decision of a state court should be brought here for review either by appeal or certiorari until the possibilities afforded by state procedure for its review by all state tribunals have been exhausted,'" quoting Gorman v. Washington Univ., 316 U.S. 98, 100-01 (1942). It held that, since the United States Supreme Court could not have reviewed Riddle's direct appeal, "the expiration of time for seeking [direct] review," in his circumstance, did not include the 90-day period allowed for seeking certiorari, and Riddle's conviction became final when the Missouri Court of Appeals issued its mandate, which meant Riddle's petition was untimely. Riddle v. Kemna, 523 F.3d at 855-56.

In Ben-Yah v. Norris, 570 F.Supp.2d 1086, 1094 (E.D.Ark.2008), the district court considered Riddle and determined that, based on its review of Arkansas procedures, the Arkansas Court of Appeals is likewise not a court of last resort, and Ben-Yah was not entitled to the ninety days for seeking certiorari because he did not seek review in the Arkansas Supreme Court from the Court of Appeals decision.  The court need not decide if it agrees with Ben-Yah, because even if it does and Petitioner is not entitled to the ninety days allowed under Smith for seeking certiorari, the present petition is timely.

Under the reasoning in Riddle, for Arkansas petitioners who did not seek review in the Arkansas Supreme Court from a Court of Appeals decision, "the expiration of the time for seeking direct review" is the date the Court of Appeals decision becomes final, which is the date the court issues its mandate, Ark.Sup.Ct.R. 5-3 (in all cases mandate will be issued when appellate decision becomes final), and the limitations period starts to run the next day.  Riddle at 856.  See also Wright v. Norris, 299 F.3d 926, 927 n.2 (8th Cir. 2002) (Fed. R. Civ. P. 6(a) governs calculation of AEDPA time limits); Fed. R. Civ. P. 6(a) (excluding day of event beginning time period from calculation).

In the present case, the Arkansas Court of Appeals issued its mandate on direct appeal on April 22, 2003, (Respondent's Exhibit L, attached to Response, DE #28), and the statute began to run the

next day.  The statute ran for forty (40) days until Petitioner filed his Rule 37 petition on June 2, 2003 (Respondent's Exhibit D).  28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection").  The statute was tolled from that date until the Arkansas Supreme Court issued its mandate denying the Rule 37 appeal on February 22, 2006 (Respondent's Exhibit N, attachment to DE #34).  Carey v. Saffold, 536 U.S. 214, 219-20 (2002)(state post-conviction petition is pending from the date it is properly filed, through the state appeals process, provided the filing of a notice of appeal is timely, and until it has "has achieved final resolution through the State's post conviction procedures).  The statute began to run again on February 23, 2006, and it ran for 299 days, until Petitioner mailed his petition on December 19, 2006.[1]  See Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999)(timeliness of a federal habeas petition is measured from the date the petition is delivered to prison authorities for mailing to

---

[1] Petitioner has submitted a document (Attachment B-1 to Petitioner's Response to Respondent's Brief, DE # 25) purported to be a portion of the prison mail log showing he mailed his § 2254 petition to the U.S. District Court, Western District of Arkansas on December 19, 2006.  While Respondent does not stipulate to the authenticity of Petitioner's attachment, he agrees that, based on Arkansas Department of Correction records, Petitioner mailed his petition on this date.

the court clerk). Since the statute ran for only 339 days, this petition is timely.

II.

Several of Petitioner's grounds must be dismissed because they are not cognizable under § 2254. In ground two, Petitioner contends he is actually innocent because the rape never occurred. He sets out his own version of the events surrounding the incident and his arrest. He contends the victim falsely accused him for the reasons set forth in ground one supporting his contention that she engaged in a conspiracy with her boyfriend to cover up their business debt to him and their manufacture and use of methamphetamine. The Supreme Court in <u>Herrera v. Collins</u>, 506 U.S. 390, 404 (1993), made it clear that "actual innocence" is not a free-standing substantive basis for habeas relief. It may only be asserted as a "gateway" through which a petitioner must pass before the court may consider procedurally defaulted claims, absent a showing of cause and prejudice. Thus, the court will not consider ground two, except as the gateway exception, <u>infra</u>.

In ground three, Petitioner contends he was convicted based on contradictory and untrue testimony from Bob Harris, Nurse Tina Miles and the victim. A challenge to the reliability or credibility of witnesses cannot be asserted in federal habeas proceedings as an independent claim and it does not amount to a

challenge to the sufficiency of the evidence. See Schlup v. Delo, 513 U.S. 298, 330 (1995). Questions of credibility were for the trier of fact, in this case the trial judge, to decide. Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000).

In ground eight, Petitioner asserts he was denied due process because of judicial misconduct during his Rule 37 proceedings. An "'infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas petition.' Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir.)(quoting Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.1990)), cert. denied, 513 U.S. 983, 115 S.Ct. 462, 130 L.Ed.2d 370 (1994)." Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Petitioner is not entitled to relief on grounds two, three and eight.

III.

In ground five, Petitioner argues the trial judge was biased against him, as evidenced by the fact that he fixed a parking ticket for a prosecution witness, and he slept during the trial. He raised this claim in his Rule 37 appeal, and the Arkansas Supreme Court made the following findings:

> Appellant makes conclusory allegations asserting bias and eccentric conduct, but the only misconduct he points to is his assertion that the trial court slept during the proceedings and vague allegations of "fixing" tickets for witnesses. The issue of the tickets does not appear to have been raised below, but, in any case, appellant's claim seems to refer at best to the court's offer to the attending witnesses during trial to dismiss parking

10

tickets resulting from the witness's appearance in court. Such conduct is obviously not inappropriate and does not in any way show bias by the court.

The trial court enjoys a presumption of impartiality and the question of bias is usually confined to the conscience of the judge. Holder v. State, 354 Ark. 364, 124 S.W.3d 439 (2003). Appellant has failed to overcome that presumption as regards his allegations of bias. The question of the trial court sleeping during the proceedings is not one of bias, because it does not go to the impartiality of the court. The judge here was the factfinder, and appellant's allegations are more analogous to those cases where a juror was sleeping during the proceedings, than to those cases alleging judicial bias.

Were the court asleep during the proceedings, appellant could have raised the question in his direct appeal, and the State argues that this claim is not cognizable in a proceeding under a petition for relief pursuant to Ark. R.Crim. P[.] 37.1 as a direct attack on the verdict. Postconviction proceedings under Ark. R.Crim. P. 37.1 do not permit a petitioner to raise questions that might have been raised at the trial or on the record on direct appeal, unless they are so fundamental as to render the judgment void and open to collateral attack. Davis v. State, 345 Ark. 161, 44 S.W.3d 726 (2001). We would agree that appellant's claim is a direct attack on the verdict, and that the allegations could have been raised at trial or on appeal.

This court has required a claim of jury misconduct, such as sleeping, raised for the first time in a post-trial pleading, be accompanied by an affirmative showing that the defense was unaware of the misconduct until after the trial. Henderson v. State, 349 Ark.701, 80 S.W.3d 374 (2002). Here, the defense was aware of the alleged misconduct, for the testimony at the postconviction relief hearing was that appellant spoke to trial counsel about his concern that the trial court was asleep. Counsel did not raise an objection or call the alleged misconduct to the court's attention, which might then have resulted in action by the court to cure any resulting prejudice.

Appellant did not couch this claim as one of ineffective assistance of counsel for failure to raise such an

>       objection until his reply brief. Even were we to consider
>       that argument, the trial court found trial counsel had
>       testified that he observed the trial court following
>       along, turning the pages of the exhibits at the time
>       appellant asserted the judge was asleep. Under those
>       circumstances, counsel would not have committed error by
>       not objecting. Because we find no reversible error, we
>       affirm the order denying postconviction relief.

McClellan v. State, 2006 WL 246550 at 4.

I find the state court addressed the merits of the allegation regarding the parking ticket, but it is unclear whether it addressed the merits of the allegation that the trial judge slept during the trial, or dismissed it on procedural grounds. See Harris v. Reed, 489 U.S. 255, 261-265 (1989)(only if state court issues a "plain statement" rejecting petitioner's federal claim on state procedural grounds will federal habeas courts be precluded from reaching the merits of the claim). However, even if I were to find the state court's resolution of the latter issue was a decision on the merits, Petitioner would not prevail on this claim.

Where a claim is addressed on the merits by a state court, it may not be the basis for federal habeas relief, unless the petitioner can establish the state court's adjudication "was contrary to, or involved an unreasonable application of, clearly established Federal law ... or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1) and (2); Williams v. Taylor, 529 U.S. 362, 389 (2000). The court is not aware of any Supreme Court case holding

that the fact that a trial judge arranges for the dismissal of the prosecution's witness' parking ticket as a courtesy to the witness evidences judicial bias.  Further, trial counsel testified at the Rule 37 hearing that, when Petitioner mentioned to him that, from Petitioner's vantage point, it looked to him that the trial judge might be asleep on the bench, counsel looked and could see that the judge was following along, reading the transcript and turning pages in the transcript along with others in the courtroom (Respondent's Exhibit I, p. 15).  I find the Arkansas Supreme Court's denial of relief on either part of ground five was not an "unreasonable application of, clearly established Federal law" and it was not "based on an unreasonable determination of the facts in light of the evidence presented" at the Rule 37 hearing.  Williams, supra.  Petitioner is not entitled to relief on ground five.

IV.

In ground four, Petitioner contends counsel was ineffective in that he failed to (1) challenge all of the inconsistencies in witnesses' testimony; (2) investigate, interview and call as witnesses Tracey Gooden and Bill Stuckey; (3) argue that Petitioner was a victim of a conspiracy by the rape victim to frame him and (4) insist on receiving the results of forensic tests and require that evidence against the defendant be entered into evidence at trial or examined during the trial.

Petitioner raised the first two of these allegations in his Rule 37 appeal, and the Arkansas Supreme Court, relying on Strickland v. Washington, 466 U.S. 668 (1984), affirmed the trial court's findings that counsel appeared prepared, "cross-examined witnesses, made objections and did bring out inconsistent statements by the victim," and that the alleged testimony of potential witnesses was not relevant because they were not present at the time of the alleged rape. McClellan v. State, 2006 WL 246550 at 2. The appeals court also agreed with the trial court that Petitioner's claims were conclusory and not supported by facts. Id. The court further found,

> [a]s to counsel's preparation and cross of the State's witnesses, and the challenge to inconsistent statements by the victim, our review of the record does not show that the court's findings were against the preponderance of the evidence. The evidence against the appellant was substantial, and trial counsel appeared prepared and made appropriate objections. Counsel was able to bring out the inconsistent statements and other weaknesses in the State's case. Accordingly, we hold that the trial court's findings on this point were not clearly erroneous.

McClellan v. State, 2006 WL 246550 at 3. After considering the transcript of the trial, the transcript of the Rule 37 hearing and the pleadings in this case, I do not find the state court's resolution of the first two of Petitioner's claims of ineffective assistance of counsel was an unreasonable application of Strickland, or that its decision was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

14

Petitioner did not assert the third and fourth allegations of ineffective assistance of counsel in his Rule 37 appeal. Ordinarily, a federal habeas court may consider only those claims that were "fairly presented" in state court. Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir.), cert. denied, 517 U.S. 1215 (1996). The fair presentation of a claim consists of raising in state court the same significant facts and legal theories advanced in support of the habeas petition in federal court, Gilmore v. Armontrout, 861 F.2d 1061, 1065 n.8 (8th Cir. 1988), cert. denied, 490 U.S. 1114 (1989), and presenting them in a procedurally correct manner. O'Sullivan v. Boerckel, 526 U.S. 838 (1999). Raising a broad claim of ineffective assistance of counsel, along with some specific claims, does not fairly present all "conceivable variations" for purpose of habeas review, see Flieger v. Delo, 16 F.3d 878, 885 (8th Cir.), cert. denied, 513 U.S. 946 (1994), even if he presents the factual basis for the claim. See Morris v. Dormire, 217 F.3d 556, 559 (8th Cir. 2000).

Petitioner's failure to assert all of his allegations of ineffective assistance of counsel in his Rule 37 appeal constitutes a procedural default of those claims, see O'Rourke v. Endell, 153 F.3d 560, 566 (8th Cir. 1998), cert. denied, 525 U.S. 1148 (1999), and Wainwright v. Sykes, 433 U.S. 72, 87 (1977), requires him to demonstrate adequate cause for this default and actual prejudice

resulting from the constitutional violation he asserts. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

A petitioner's pro se status in post-conviction proceedings is not sufficient cause for a procedural default, even if he has a low educational level. Smittie v. Lockhart, 843 F.2d 295 (8th Cir. 1988). In Vasquez v. Lockhart, 867 F.2d 1056 (8th Cir. 1988), cert. denied, 490 U.S. 110, 109 S.Ct. 2453, 104 L.Ed.2d 1007 (1989), the Court found a petitioner's pro se status and lack of familiarity with the language and the court system was not sufficient cause for a procedural default. Although given the opportunity, Petitioner has not explained why he did not raise the third and fourth allegations of ineffective assistance of counsel in his Rule 37 motion and appeal, and I find both are procedurally defaulted.

I further find Petitioner could have raised grounds six and seven, due process challenges, in his direct appeal, but he failed to do so and he has offered no explanation for his omission. He cannot assert ineffective assistance of appellate counsel as cause for his procedural default because he did not allege any external factor prevented him from raising that claim in his Rule 37 petition and appeal. Jones v. Jerrison, 20 F.3d 849, 856 (8th Cir. 1994). A claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it can be used to establish cause for a procedural default. Murray v. Carrier, 477 U.S. at 489. "[A]n ineffective-assistance-of-counsel

16

claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted," but "that procedural default may ... itself be excused if the prisoner can satisfy the cause-and-prejudice standard with respect to that claim." Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Because Petitioner has not explained his failure to assert in state court that counsel was ineffective for failing to raise grounds six and seven on direct appeal, and he has not explained otherwise why he failed to raise grounds six and seven on direct appeal, I find grounds six and seven are procedurally defaulted.

If a petitioner is unable to satisfy either the cause or prejudice requirement, the court may still consider the claim if he shows he is entitled to the "gateway" exception by establishing a constitutional violation has probably resulted in the conviction of one who is "actually innocent" and the failure to hear the claim would result in a "fundamental miscarriage of justice." Murray v. Carrier, 477 U.S. 478, 495 (1986). See also House v. Bell, 547 U.S. 518, 522 (2006)(finding petitioner made "stringent showing" necessary for actual innocence exception to apply). In order to be entitled to this exception, a petitioner must "support his allegations of constitutional error with new reliable evidence-- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial," Schlup v. Delo, 513 U.S. at 324, which shows

17

a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 327. As discussed above, Petitioner contends he is actually innocent, but he has presented no such evidence, and I find he is not entitled to the gateway exception. The third and fourth allegations of ineffective assistance of counsel and grounds six and seven are procedurally barred.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice. The relief prayed for is denied.

SO ORDERED this 9th day of July, 2009.

_____
United States Magistrate Judge